# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                            SUPERIOR COURT DEPT.
                                                        C. A. No.

|                                    )
NANCY RHODES,                        )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )
COSTCO WHOLESALE CORPORATION,)
    Defendant.                       )

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, Nancy Rhodes, and respectfully submit to this Honorable Court her Complaint and Demand for Trial by Jury against the Defendant, Costco, Inc.

### PARTIES

1. The Plaintiff, Nancy Rhodes, is an individual resident of the Commonwealth of Massachusetts living at 6 Leighton Road, Hyde Park, Suffolk County, Massachusetts.

2. The Defendant, Costco Wholesale Corporation ("Costco"), is a foreign for-profit corporation organized under the laws of the State of Washington with a principal place of business located at 999 Lake Drive, Issaquah, Washington 98027. The Defendant owns and operates a store locally at 200 Legacy Place, Dedham, Norfolk County, Massachusetts and has a registered office address of 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction in this action is appropriate, as the Superior Court Department of the Massachusetts Trial Court has original jurisdiction of civil actions for money damages, and there is no reasonable likelihood that recovery by the Plaintiff will be less than or equal to $50,000, pursuant to M.G.L. c. 212, § 3.

4. Personal jurisdiction in this action is appropriate as to the Defendant, Costco Wholesale Corporation, as the Court "may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action," pursuant to M.G.L. c. 223A, § 2.

5. Venue in this action is appropriate because "if any one of the parties thereto lives in the commonwealth, [the action shall] be brought in the county where one of them lives or has his usual place of business," pursuant to M.G.L. c. 223, § 1. Suffolk County is therefore an appropriate venue because Costco has an office in Suffolk County and the Plaintiff lives in Suffolk County.

## FACTS

6. On or around July 5, 2022, at approximately 6:00PM, the Plaintiff, Nancy Rhodes, accompanied by her son, Matthew, patronized Costco located at or around 200 Legacy Place, Dedham, Massachusetts.

7. While walking down one of the aisles, Ms. Rhodes was caused to slip and fall on water or other liquid that had pooled on the floor. There were no signs or other markings or notices to indicate that the floor might be wet or was otherwise hazardous.

8. Upon information and belief, the water was there for a sufficient length of time for Defendant to discover it and make the area safe. There were several Costco employees in the immediate area of the water before Ms. Rhodes came upon it.

9. As a result of her fall, Ms. Rhodes was caused to sustain serious personal injuries.

### COUNT I – NEGLIGENCE
(Nancy Rhodes v. Costco Wholesale Corporation)

10. The Plaintiff restates, realleges, and incorporates by reference all preceding paragraphs as though fully stated herein.

11. On July 5, 2022 and at all times relevant hereto, the Defendant had a duty to keep the premises in a reasonably safe condition free from slip-and-fall hazards and other foreseeable hazards.

12. On July 5, 2022 and at all times relevant hereto, the Defendant had a duty to warn the public of any and all hazards and/or make safe any dangerous conditions, including but not limited to wet floors.

13. By failing to warn of dangerous conditions or make safe the dangerous conditions then-existing, the Defendant breached its duty and caused this slip-and-fall incident.

14. As a direct and proximate result of the subject incident, Ms. Rhodes was caused to suffer personal injuries and damages, the extent to which has yet to be determined.

### CONCLUSION

WHEREFORE, the Plaintiff, Nancy Rhodes, respectfully request that this Honorable Court enter judgment in her favor against the Defendant, and award damages to the fullest extent allowed by law, along with costs and interest

## JURY DEMAND

The Plaintiff, Nancy Rhodes, hereby demands a trial by jury against the Defendant..

Respectfully submitted,
Plaintiff, Nancy Rhodes,
by her attorney,

Dated: 6/28/25

Neil P. Crowley
Brooks & Crowley, LLP
439 Washington Street
Dedham, MA 02026
BBO#: 566221
(781) 251-0555
neilcrowley@brooksandcrowley.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court  |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Nancy Rhodes | Defendant: | Costco Wholesale Corporation |
|---|---|---|---|
| ADDRESS: | 6 Leighton Road | ADDRESS: | 200 Legacy Place |
| | Hyde Park, MA 02136 | | Dedham, MA 02026 |
| | | | |
| Plaintiff Attorney: | Neil P. Crowley | Defendant Attorney: | |
| ADDRESS: | Brooks & Crowley, LLP | ADDRESS: | |
| | 439 Washington Street | | |
| | Dedham, MA 02026 | | |
| BBO: | 566221 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury-Slip and Fall | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☐ NO           Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☐ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses ............................................................... $33,000.00
2. Total doctor expenses ................................................................. $16,698.00
3. Total chiropractic expenses ........................................................
4. Total physical therapy expenses ................................................. $8,250.00
5. Total other expenses (describe below)

Subtotal (1-5): $57,948.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $57,948.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Including but not limited to left shoulder, left hand, neck, back and injuries to both legs.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _____    Date: 6/28/25

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____    Date: 6/28/25

SC0001: 02/24                www.mass.gov/courts                Date/Time Printed:06-28-2025 15:35:46

# CIVIL ACTION COVER SHEET INSTRUCTIONS — SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**